WESTERMAN BALL EDERER MILLER
  &amp; SHARFSTEIN, LLP
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
John E. Westerman, Esq.
Mickee M. Hennessy, Esq.

*Counsel To Amalgamated Bank, As Trustee*
*Of Longview Ultra Construction*
*Loan Investment Fund*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| EAST END DEVELOPMENT, LLC | Bankr. Case No. 12-76181 (REG) |
| Debtor. | |

**OBJECTION OF AMALGAMATED BANK, AS TRUSTEE OF LONGVIEW ULTRA CONSTRUCTION LOAN INVESTMENT FUND ("AMALGAMATED") TO THE APPLICATION OF ALL SYSTEMS MAINTENANCE, INC., HUSBANDS FOR HIRE, INC. D/B/A ALL FLOORS, INTER-COUNTY MECHANICAL CORP., JPR2, INC., AND WATER MILL BUILDING SUPPLY, INC., PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, FOR ENTRY OF AN ORDER DIRECTING THE PRODUCTION OF DOCUMENTS BY, AND THE ORAL EXAMINATION OF, AMALGAMATED [DKT NO. 69, AS SUPPLEMENTED AT DKT NO. 71], AND FOR RELATED RELIEF**

Amalgamated Bank, as Trustee of Longview Ultra Construction Loan Investment Fund ("Amalgamated"), in opposition to the Application (the "2004 Application") of All Systems Maintenance, Inc., Husbands For Hire, Inc. d/b/a All Floors, Inter-County Mechanical Corp., JPR2, Inc., and Water Mill Building Supply, Inc. (collectively, the "Mechanic's Lien Creditors"), pursuant To Rule 2004 of the Federal Rules of Bankruptcy Procedure, For Entry Of An Order Directing The Production Of Documents By, And The Oral Examination Of

Amalgamated, as amended and supplemented on January 12, 2013 (Docket Nos. 69 and 71 together, the "2004 Application") respectfully states as follows:

## Preliminary Statement

1.  In this case, East End Development, LLC, the debtor and debtor in possession (the "Debtor"), has already consented to relief from stay for mechanic's lien creditors, including the movants, to continue to prosecute their state court actions if they so choose, including the pending actions against Amalgamated (which alone are not stayed by the Debtor's bankruptcy in any event). For the same reasons raised by the Debtor in its objection to the 2004 applications sought by these same creditors as against the Debtor and one of its contractors, RLW4 Construction, Inc., this 2004 Application should, respectfully, be denied at this time as an attempt by the Mechanic's Lien Creditors to obtain an undue advantage in connection with pending and potential actions in state court against Amalgamated and the Debtor. Bankruptcy Courts have declined to grant an application for a 2004 examination where, as here, the movant's primary motivation is to use those materials for their own benefit in a state court action against the examinee.

2.  Second, particularly in light of Amalgamated's commitment to pay Mechanic's Lien Creditor claims if, as the Mechanic's Lien Creditors allege, they are determined to have priority over Amalgamated, the only real purpose for this examination and discovery request – which was initially a request for sixteen (16) broad categories of documents and then was supplemented on January 12, 2013 to add another six (6) requests for documents and information -- is to unduly burden and harass Amalgamated. For this separate reason as well, the 2004 Application should, respectfully, be denied.

## ARGUMENT

3. As argued by the Debtor in its opposition to the Rule 2004 examination applications against the Debtor and its contractor RLW4 Construction, Inc., bankruptcy courts have held it to be inappropriate for a state court litigant, like the Mechanic's Lien Creditors here, to utilize the Rule 2004 examination tool as a means to benefit their own pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee. *See, In re Enron,* 281 B.R. 836 (Bankr. S.D.N.Y. 2002), *citing Snyder v. Soc'y Bank,* 181 B.R. 40, 42 (S.D.Tex.1994), *aff'd sub nom.; In re Snyder,* 52 F.3d 1067 (5th Cir.1995) (mem.) (characterizing the use of Rule 2004 to further a state court action as an abuse of Rule 2004, finding that the bankruptcy court did not abuse its discretion by denying production under a subpoena issued under Rule 2004, where appellant's primary motivation was to use those materials in a state court action against the examinee). *See also, Collins v. Polk,* 115 F.R.D. 326, 328–29 (M.D.La.1987) (granting motion to impound all depositions taken pursuant to Rule 2004 and strongly condemning practice where plaintiff in district court action had filed suit but did not serve the pleadings, including an amended complaint, on Rule 2004 examinee/defendants until after having participated in bankruptcy trustee's Rule 2004 examinations); *In re Coffee Cupboard, Inc.,* 128 B.R. 509, 515–517 (Bankr.E.D.N.Y.1991) ("Rule 2004 examinations should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal").

4. Here, the Mechanic's Lien Creditors concede in their 2004 Application that they commenced an action in 2010 against Amalgamated, which action is still pending. The gravamen of the Mechanic's Lien Creditors' allegations in that case appears to be that Amalgamated continued to advance monies to the Debtor even though their constituency was not

paid such that, they contend, their lien is superior to Amalgamated's first priority secured position. As such, the Mechanic's Lien Creditors have already challenged Amalgamated's lien position in another pending forum, and they have discovery tools available in the context of that forum.[1] It would be abusive, for all of the reason identified in the *Enron* case, for the Mechanic's Lien Creditors to take undue advantage of the information gathering tools of a 2004 examination here, in an attempt to bolster their positions in the pending actions, against Amalgamated or, to collaterally attack the Debtor. For this reason alone, the 2004 Application should, respectfully, be denied.

5.  Further, courts have noted that, despite the breadth of scope of discovery under Rule 2004, there are well-established limits, including various cases that have held that Rule 2004 examinations cannot include discovery conducted in bad faith or for improper purposes. *Enron* 281 B.R. at 840; *See also, In re Duratech Industries, Inc.,* 241 B.R. 291 (Bankr. E.D.N.Y. 1999) (denying application for a Rule 2004 examination) (citing cases). Here, as explained thoroughly at the hearing held on Thursday, December 21 in this case, the Debtor has filed a plan that proposes to pay Mechanic's Lien Creditors in full if they are adjudged to have priority claims as against Amalgamated's Secured Claims. Even more, the Debtor consented at the December 21, 2012 hearing to relief from the automatic stay to permit the Mechanic's Lien Creditors to continue their pending actions to determination.

6.  In the wake of the December 21 hearing, the Mechanic's Lien Creditors have filed this unduly burdensome and overly broad 2004 Application, which now seeks twenty-two (22) broad categories of documents and information spanning approximately five (5) years. The

---

[1] In this regard, the Mechanic's Lien Creditor's attempt to justify its overreaching 2004 Application against Amalgamated on the grounds that there is a limited period for creditors to challenge Amalgamated's liens financing is a red herring. The Mechanic's Lien Creditors have already made their challenge and the Debtor has consented to stay relief to have that determination continued in state court.

undertaking to respond to the kind of requests filed by the Mechanic's Lien Creditors and the breadth of scope would be costly to Amalgamated and extraordinarily time consuming. Amalgamated respectfully submits that the 2004 Application is not being sought for the purposes intended by the Bankruptcy Rule 2004, but instead primarily to harass the Amalgamated. The 2004 Application should be denied for this reason as well. *See Enron,* 281 B.R. at 840, *citing In re Mittco, Inc.,* 44 B.R. 35, 36 (Bankr.E.D.Wis.1984) (noting limits on the use of Rule 2004 examinations where the purpose of the examination is to abuse or harass). *See also, Duratech,* 241 B.R. 291, 297 ("This Court is simply too busy with meritorious cases filed by honest but unfortunate debtors to waste the lengthy hearings and drafting exercises time it would take to attempt to police this abuse of the bankruptcy process").

7. Under the facts and circumstances of this case, it appears to make more sense to let the state court proceedings continue to a determination of the validity of the Mechanic's Lien Creditors' positions with the benefit of the discovery tools available in that forum, without permitting these creditors to 'double-dip' on discovery. Once that proceeding has reached a determination, then the parties and this Court can determine whether an examination of Amalgamated pursuant to Rule 2004 is warranted, or even still desired, by the Mechanic's Lien Creditors.

## **CONCLUSION**

For all of the foregoing reasons, Amalgamated respectfully requests that the Court deny the 2004 Application at this time and grant such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
       January 23, 2013

                              WESTERMAN BALL EDERER MILLER
                                  & SHARFSTEIN, LLP

                            By:   */s/ Mickee M. Hennessy*
                                  John E. Westerman, Esq.
                                  Mickee M. Hennessy, Esq.
                            1201 RXR Plaza
                            Uniondale, New York 11556
                            (516) 622-9200

                            *Counsel To Amalgamated Bank, As Trustee*
                            *Of Longview Ultra Construction Loan Investment*
                            *Fund*

00760692.DOCX